UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRENCE HEAVEN,

    Plaintiff,

v.                                Case No. 3:22-cv-779-BJD-JBT

D. CAUWENBERGHS, et al.,

    Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Before the Court for screening is an amended complaint for the violation of civil rights (Doc. 4; Am. Compl.) filed by Plaintiff, Terrence Heaven, an inmate of the Florida penal system who is proceeding pro se. Plaintiff has not paid the filing fee or moved to proceed as a pauper.[1] Plaintiff names six Defendants: Lieutenant D. Cauwenberghs; Sergeant T. Alexander; Warden of Florida State Prison (FSP), Donald Davis; Assistant Warden of FSP, Jeffrey McClellan; Head of Classification, Krissy Stanford; and the Head of Security, who is unnamed. Am. Compl. at 2-4.

Plaintiff alleges violations of the Eighth and Fourteenth Amendments. Id. at 3. He contends he was "threatened around the clock" and "terrorized" and

---

[1] Because Plaintiff has not paid the filing fee and is a prisoner, the Court assumes he intends to proceed as a pauper.

had his personal property misappropriated, his mail intercepted, and his food poisoned. Id. at 5-6. Plaintiff does not assert the named Defendants engaged in the conduct of which he complains but says Defendants Cauwenberghs and Alexander "conspired" to target him between November 2019 and April 2020, because he filed grievances, and the Institutional Classification Team "fully backed and supported this concerted targeting." Id. at 5, 7. He further asserts the Florida Department of Corrections is a "sect of 'organized crime' predicated on race where they use their positioning to further [a] racist agenda." Id. at 8. Plaintiff concedes he did not sustain any physical injuries but says he has suffered "emotional and psychological damages." Id. at 10.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

2

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Unlike Rule 12(b)(6), the PLRA "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Examples of "clearly baseless" contentions are those that can be described as "fantastic or delusional." Id.

This is not the first time Plaintiff has filed a complaint in this Court asserting these allegations. He initiated an action on July 19, 2021, against

some of the same Defendants contending he had been terrorized between August 2019 and April 2020, and his personal property went missing. See Case No. 3:21-cv-710-MMH-MCR. The Court dismissed his action under the PLRA because he failed to state a plausible claim for relief. See Order (Doc. 2), Case No. 3:21-cv-710-MMH-MCR. With respect to Plaintiff's assertion that his personal property was missing, the Court noted, "the Due Process Clause is not offended when a state employee intentionally deprives an individual of his property if the State provides him with a meaningful post-deprivation remedy." Id. (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). With respect to Plaintiff's assertion that he was verbally abused and suffered mental and emotional injuries, the Court noted such allegations "do not state a claim of federal constitutional dimension." Id. (citing Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008); Paylan v. Dirks, 847 F. App'x 595, 601 (11th Cir. 2021)).

For similar reasons, Plaintiff's amended complaint here is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983.

While Plaintiff identifies six Defendants in his amended complaint, he mentions only two in setting forth his factual allegations: Cauwenberghs and Alexander. But he does not allege these two individuals engaged in conduct that can be interpreted as a constitutional violation. Even if Defendants Cauwenberghs and Alexander themselves threatened Plaintiff or ordered others to do so, such conduct does not amount to cruel and unusual punishment. See Hernandez, 281 F. App'x at 866 ("[V]erbal abuse alone is insufficient to state a constitutional claim." (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).[2] Moreover, conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Plaintiff does not describe conditions that were so extreme as to permit the reasonable inference he faced an unreasonable risk of serious damage to his future health or safety. See id.

As to Plaintiff's suggestion that Defendants violated his Fourteenth Amendment rights, it appears he is referring to the alleged misappropriation

---

[2] Unpublished decisions are not binding. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law.

of his property. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful post[-]deprivation remedy for the loss is available." Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available to him under state law: he can sue the responsible persons for theft or conversion. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate post-deprivation remedy when law enforcement officers seize or retain personal property).

Because Plaintiff fails to state a plausible claim for relief, his amended complaint is due to be dismissed without prejudice. Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of August 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:     Terrence Heaven